IN THE UNITED STATES DISTRICT COURT
OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MARKEL CHARLES FITCHPATRICK and MICAH LYNNE FITCHPATRICK<br><br>Plaintiffs,<br><br>v.<br><br>LITTLE GIANT LADDER SYSTEMS, LLC and W.W. GRAINGER, INC. and WILLIAM R. NASH, (V.I.), INC. and WILLIAM R. NASH, LLC and HB MECHANICAL GROUP, LLC and HB GLOBAL, LLC<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>ACTION FOR PERSONAL INJURY AND PRODUCT LIABILITY<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COME NOW** the Plaintiffs, Markel Charles Fitchpatrick and wife Micah Lynne Fitchpatrick, by and through undersigned counsel, and hereby allege the following against Defendants Little Giant Ladder Systems, LLC, W.W. Grainger, Inc., William R. Nash, (V.I.), Inc., William R. Nash, LLC, HB Mechanical Group, LLC and HB Global, LLC:

### PARTIES

1. The plaintiffs Markel Charles Fitchpatrick and wife Micah Lynne Fitchpatrick are citizens of the United States Virgin Islands, residing at 42A La Grande Princess, St. Croix, USVI 00820.

2. The defendant Little Giant Ladder Systems, LLC is a Utah Limited Liability Company with its principal office located at 1198 N. Spring Creek Place, Springville, UT 84663 and which may be served with process through its Registered Agent, Mr. Harold Wing, 1198 North Spring Creek Place, Springville, UT 84663.

3. The defendant W.W. Grainger, Inc. (hereafter "Grainger") is an Illinois corporation engaged in the resale of Little Giant ladders with its principal office address located at 100 Grainger Parkway, Lake Forrest, IL 60045-5201 and which may be served with process through its Registered Agent, C.T. Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

4. The defendant William R. Nash, (V.I.), Inc. is a United States Virgin Islands corporation engaged in commercial mechanical and plumbing construction, renovation and maintenance, having an office located at 139 Castle Coakley, Suite 10, Christiansted, USVI 00820, was the employer of the plaintiff Markel Charles Fitchpatrick at the time of the accident, and which may be served with process through its Resident Agent Mr. Michael L. Pruiett, 6501 Red Hook Plaza, Suite 201, PMB 576, Charlotte Amalie, USVI 00802.

5. The defendant William R. Nash, LLC is a Florida limited liability company and division of defendant HB Mechanical Group, LLC, engaged in commercial mechanical and plumbing construction, renovation and maintenance, having a principal office address of 6401 Nob Hill Road, Tamarac, FL 33321 and which may be served with process through its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

6. The defendant HB Mechanical Group, LLC is a Pennsylvania limited liability company and subsidiary of defendant HB Global, engaged in commercial mechanical and plumbing construction, renovation and maintenance with its principal offices located at 4660 Trindle Road #301 Camp Hill, Harrisburg, PA 17011, and which may be served with process

through its Registered Agent, Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

7. That the defendant HB Global, LLC is a Pennsylvania limited liability company engaged in commercial mechanical and plumbing construction, renovation and maintenance with its principal offices located at 4660 Trindle Road #301, Camp Hill, Harrisburg, PA 17011, and which may be served with process through its Registered Agent, Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

## JURISDICTION & VENUE

8. This is a civil action for serious personal injury and product liability over which this Honorable Court has jurisdiction on the grounds of diversity of citizenship with monetary damages exceeding the jurisdictional minimum pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

9. The plaintiff Markel Charles Fitchpatrick is an employee of the defendant William R. Nash, (V.I.), Inc., and was seriously injured while engaged within the course and scope of his employment due to the negligence, gross negligence and carelessness of each of the named defendants. This cause of action arises from serious personal injuries sustained by the plaintiff Markel Charles Fitchpatrick when the Little Giant MightyLite 8' Model #5388-001 ladder he was using as provided by his employer, which is specifically known as a Type IAA (375 lbs. limit) ladder sold under various names (hereinafter referred to as "MighyLite 8"), in the ordinary manner and purpose for which it was designed, manufactured and distributed by defendant Little Giant Ladder Systems, LLC, and then purchased by the defendant Grainger, and then re-sold to the other defendants, suddenly experienced a center locking clip failure and complete structural collapse.

10. That on or before June 19, 2025, the defendant Little Giant Ladder Systems, LLC was the designer, manufacturer and distributor for resale of the MightyLite 8 ladder where it

entered into the stream of commerce and was sold to the defendant, Grainger and then resold to the other named defendants in complete satisfaction of the definition of goods as set forth in 11A V.I.C. Art. 2 § 2-105(1) which is the basis of this cause of action and then ultimately used by the plaintiff Markel Charles Fitchpatrick during the course and scope of his employment when he was seriously injured through no fault of his own.

11. That before June 19, 2025, the defendants William R. Nash, (V.I.), Inc., William R. Nash, LLC, HB Mechanical Group, LLC and HB Global, LLC purchased the MightyLite 8 ladder from the defendant commercial reseller Grainger for use by employees in the course and scope of their employment. That at some time subsequent to the purchase of the MightyLite 8 ladder from Grainger by said defendants an Inventory Control Label bearing "William R. Nash Mechanical Contractors #551005" printed thereon was affixed to the ladder's structural frame. See Exhibit A.

12. That at approximately 9:00 a.m. on the morning of June 19, 2025, the plaintiff Markel Charles Fitchpatrick was servicing an "air handler" in the ceiling at the local office of William R. Nash, (V.I.), Inc. on St. Croix, requiring the use of the MightLite 8 ladder which had been purchased from defendant Grainger by the other named defendants and then provided for his use. That prior to the instant structural failure and collapse the plaintiff Markel Charles Fitchpatrick had used the ladder in its ordinary and regular fashion, was intimately familiar with its operation, had performed required safety inspections, and never used it for supporting scaffolding planks or heavy loads of any kind.

13. That as the plaintiff Markel Charles Fitchpatrick opened and properly engaged the center locking clip of the said MighyLite 8 ladder in the presence of two other employees to begin maintenance work, stepping up the rungs and then on to the "work platform" in the usual and customary way for its intended use, and, without any sound, warning or notice of any kind that a collapse was about to occur, the ladder suddenly opened into a complete

"spread eagle" position causing the plaintiff to fall, striking his head on the solid concrete floor.

14. That immediately after the plaintiff Markel Charles Fitchpatrick was injured he was taken by ambulance to a local hospital emergency room where he was treated and released; however, due to his severe brain injuries he was then later found unconscious and transported by Life Flight to Miami, Florida for emergency brain surgery at Jackson Memorial Hospital, spending two weeks as a patient under intensive care recovery.

15. The defendants Little Giant Ladder Systems, LLC, and Grainger through its officers agents, servants, and or employees researched, designed, manufactured, labeled, sold, distributed and delivered products into the stream of commerce in various states including Florida, Pennsylvania and the United States Virgin Islands and are thus "merchants" as defined by Title 11A Art. 2 §2-104 of the Virgin Islands Code. The Little Giant ladder at issue in this proceeding is a MightyLite 8 ladder identified and referenced in Paragraph 11.

16. The defendant Little Giant Ladder Systems, LLC and Grainger, through its officers, agents, servants and employees were involved in the research, design, assembly, manufacture, testing, packaging, labeling, marketing, distribution, sale and then otherwise introduced its ladders into the stream of commerce, with the intention of their distribution and sales in various states as listed in Paragraph 15 and the United States Virgin Islands.

17. The purpose of this cause of action is to obtain monetary damages for the plaintiff Markel Charles Fitchpatrick who was severely injured on June 19, 2025, when the MighyLite 8 ladder he was provided by his employer to perform maintenance work experienced a center safety clip failure and structural collapse, causing him to fall and strike his head on the concrete floor. He suffered severe injuries to his head which required Life Flight transport to Jackson Memorial Hospital in Miami, Florida for emergency brain aneurysm surgery and intensive care recovery from July 11, 2025 to July 23, 2025, and incurring a significant amount of lost income from his employment where he continues to be on light duty, out-

of-pocket medical expenses, deductibles and co-payments on health insurance and worker's compensation benefits, all as a result of the negligent, grossly negligent, careless, reckless and wrongful conduct of the named defendants. The level of impairment and vocational limitation relative to his employment have not yet been determined due to his continuing need for medical care and other professional services.

18. On June 19, 2025, the plaintiff Markel Fitchpatrick was using the MightyLite 8 ladder in its intended manner and purpose in Christiansted, United States Virgin Islands. He had reasonably inspected and opened the ladder, securing the center locking clip in the usual and ordinary manner to prepare it for his use. He then climbed the ladder and began engaging in maintenance from the "work platform" as included in the design. After a very brief period of time, the plaintiff Market Fitchpatrick was severely injured when the said center locking clip broke away from the metal structure of the ladder, causing it to then experience a full "spread eagle" failure and collapse to the floor. See Exhibit B.

19. As a proximate cause of the fall the plaintiff Markel Charles Fitchpatrick sustained multiple severe and permanent injuries to his body resulting in neurological impairment and significant radiculopathy, short and long-term memory loss, blood pressure irregularities, light sensitivity and other numerous additional consequential injuries each being significantly detrimental to his physical, emotional and mental health.

## COUNT I: DESIGN AND MANUFACTURING DEFECT

20. Plaintiffs restate and repeat the paragraphs above and incorporate them herein by reference.

21. That at all times relevant herein, the defendant Little Giant Ladder Systems, LLC was engaged in the design, manufacture, labeling, sale, distribution, wholesaling and retailing of various ladder products including the MightyLite 8 which was ultimately to be used by members of the general public and businesses, such as the named defendants in this cause

of action, with employees who ultimately would reasonably then use the products in the course and scope of their employment.

22. That at all times relevant herein, the defendant Grainger was engaged in the sale, distribution, wholesaling and retailing of this same MightyLite 8 ladder as referred to in Paragraphs 9 and 11 for ultimate use by members of the general public and businesses, such as the other named defendants in this cause of action, with the expectation that employees would ultimately use the products in the course and scope of their employment.

23. That at all times the defendant Little Giant Ladder Systems, LLC had a duty to design, manufacture, adequately label, sell, distribute, wholesale and retail products, including this same MightLite 8 ladder referenced as the subject of this cause of action, that were safe and would not structurally fail due to reasonable use and/or deterioration and degradation from exposure to salt air and warn of this potential to cause harm to foreseeable users, including the plaintiff Markel Charles Fitchpatrick. That the incident which caused the serious injuries to the said plaintiff is not of the kind that does not ordinarily occur in the absence of product defect, negligence, gross negligence, careless, willful and wanton misconduct, with the defect existing at the time the product left the defendants' control, and was not the result of causes not attributable to the defendants under the Doctrine of Res Ipsa Loquitur as applied by the laws of the United States Virgin Islands.

24. That at all times the defendant Grainger had a duty to sell, distribute, and retail the Little Giant MightyLite 8 ladder which is the subject of this cause of action, which was safe and would not potentially fail from reasonable use and/or deterioration or degradation from exposure to salt air in such a way as to cause serious and life-threatening injury to a foreseeable user in a complete collapse, including the plaintiff Markel Charles Fitchpatrick, and to warn of a potential of serious injury if a complete collapse occurred in this manner.

25. That on or before June 19, 2025, the defendant Little Giant Ladder Systems, LLC, through its agents, servants, and employees, with carelessness, negligence and gross negligence wrongfully:

    a. Placed a defective product in the stream of commerce to be sold and distributed as a MightyLite 8 ladder which was improperly or inadequately designed, manufactured, assembled, fabricated and inadequately labeled and to warn users of a possible collapse from reasonable use and/or deterioration and degradation from exposure to salt air;

    b. Designed and manufactured the said ladder to be defective which would potentially allow it to degrade and deteriorate over time from reasonable use and/or exposure to salt air, resulting in complete structural failure, without the ability of any foreseeable user to perform a reasonable safety inspection of the structural frame or center locking clip, rendering it unreasonably dangerous for its intended use;

    c. Failed to give adequate warnings, instructions or labeling as to the inherent dangers of the MightLight 8 ladder design and construction including, but not limited to, the potential for degradation and deterioration to occur over time from use and/or exposure to salt air, leading to potential complete structural failure;

    d. Failed to provide adequate safety devices and features such as a "safety chain" to ensure that users could safely use the MightLite 8 ladder which, in the event of a center locking clip failure from reasonable use and/or deterioration and degradation from exposure to salt air, would serve to prevent a complete catastrophic structural "spread eagle" collapse as occurred in the instant case.

26. In addition to, and without limiting the allegation of Paragraph 23, a substantial factor in causing the defect and/or malfunction of the MightLite 8 ladder was the defendant's negligent design, testing, manufacture, preparation, assembly, improperly labeling to include warning instructions, distribution and/or sale of the said product in complete

disregard of the potential failure from reasonable use and/or deterioration and degradation from exposure to salt air.

27. That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act on the part of the defendants, the plaintiff Markel Charles Fitchpatrick fell from the ladder causing him to suffer severe and permanent life-altering personal injuries.

WHEREFORE, the plaintiffs demand of and from the defendants damages in such amount as a jury may award.

## COUNT II: STRICT LIABILITY

28. The plaintiffs restate and re-allege the foregoing paragraphs above and incorporate them herein by reference.

29. That at the time the MightLite 8 ladder left the possession of the defendant Little Giant Ladder Systems, LLC, to and including the time of the occurrence, the ladder was inherently dangerous, defective and unsafe, in one or more of the following respects:

   a. It was inadequately designed allowing the ladder to be susceptible to degradation and deterioration over time, resulting in structural and center locking bracket failure due to reasonable use and/or exposure to salt air;

   b. It lacked adequate safety devices such as a "safety chain" to insure that users could safely use the MightyLite 8 ladder and, in the event of a center locking clip failure from reasonable use and/or degradation and deteriorating from exposure to salt air, would serve to prevent a complete catastrophic complete structural "spread eagle" collapse as occurred in the instant case;

   c. It lacked adequate warnings and labeling regarding the danger of the potential for structural failure due to degradation and deterioration from reasonable use and/or exposure to salt air which could result in the center locking clip failure, thus

      allowing the ladder to open in a complete "spread eagle" configuration and suddenly and without notice collapse with the user elevated;

d. It lacked adequate warnings and labeling regarding the danger of the potential for structural degradation and deterioration due to reasonable use and/or exposure to salt air, resulting in center locking clip failure and complete structural collapse;

e. It concealed the potential risk of structural and center locking clip failure thus preventing a foreseeable consumer and user from being able to conduct a reasonable and effective safety inspection of the metal structure and center locking clip for weakness or to anticipate and avoid a complete structural failure.

30. That one or more of these defects existed when the ladder left the control of the defendant Little Giant Ladder Systems, LLC making the ladder unreasonably dangerous because it failed to perform in the manner reasonably to be expected regarding the ladder's intended function and because the potential hazardous dangers outweighed the utility of the ladder.

31. That as a further direct and proximate result of one or more of the foregoing unreasonably dangerous, defective and unsafe conditions of the MightLite 8 ladder, and in consequence of these conditions, the plaintiffs have sustained injuries and damages as set forth below, for which the defendants are strictly liable.

WHEREFORE, the plaintiffs Markel Charles Fitchpatrick and Micah Lynne Fitchpatrick demand of the named defendants damages in such amount as the jury may award.

## COUNT III: BREACH OF WARRANTY

32. The plaintiffs Markel Charles Fitchpatrick and Micah Lynne Fitchpatrick repeat all paragraphs above and incorporate them herein by reference.

33. That in order to and induce the purchase and/or use of the MightLite 8 ladder, the named defendants expressly warranted to potential users of said product, including the plaintiff Market Charles Fitchpatrick, that said product was designed, manufactured, labeled as safe

for use in the ordinary purpose for which it was designed and/or advertised for use in anticipated residential and commercial application.

34. That the named defendants breached said warranty in that at all times herein the MightLite 8 ladder was not safe to be used for the ordinary and usual purpose which it was intended to be used in the following respects:

    a. It was inadequately designed in that the structure center safety locking clip was prone to failure due to structural degradation and deterioration from reasonable use and/or exposure to salt air;

    b. It lacked adequate safety devices and features such as a "safety chain" to ensure that users could safely use the MightLite 8 ladder and, in the event of a center safety locking clip from failure due to reasonable use and/or degradation and deterioration from exposure to salt air, prevent a complete catastrophic structural "spread eagle" collapse as occurred in the instant case:

    c. It lacked adequate warnings and labeling regarding the danger of potential structural and center safety locking clip failure due to degradation and deterioration from reasonable use and/or exposure to salt air;

    d. The center locking clip welds and structural frame were concealed within the ladder frame itself such that an ordinary consumer, user or employee could not reasonably inspect for cracks, deterioration or degradation or other signs of weakness from use and/or exposure to salt air, and then remove the ladder from service.

35. That as a direct and proximate result of the defendant's breach of warranty, the MightLite 8 ladder experienced a complete catastrophic structural failure, causing the plaintiff Markel Charles Fitchpatrick to fall, striking his head on a concrete floor and thus sustain and permanent serious and permanent injuries, and along with his wife and plaintiff Micah Lynne Fitchpatrick who has sustained the loss of consortium with her husband, thus each having sustained injuries and incurred damages as set forth below.

WHEREFORE, the plaintiffs Markel Charles Fitchpatrick and Micah Lynne Fitchpatrick demand of and from the named defendants damages in such amount as the jury may award.

## COUNT IV: PUNITIVE DAMAGES

36. The plaintiffs Markel Charles Fitchpatrick and wife Micah Lynne Fitchpatrick repeat all paragraphs above and incorporate there herein by reference.

37. The conduct of the named defendants in knowingly designing, manufacturing, inadequately labeling and warning, distributing, selling, re-selling and using the MightLite 8 ladder with a hidden material defect permitting structural deterioration and degradation from reasonable use and/or exposure to salt air, and failing to provide adequate and reasonable safety features and devices such as a "safety chain," was in wanton, willful, careless, negligent and grossly negligent disregard of the civil obligations and duties to the plaintiffs, and such intentional and unintentional acts supports a claim for punitive damages in such amount as the jury may award.

## DAMAGES

As a direct and proximate result of the negligence, gross negligence, careless, willful, wanton, reckless and wrongful conduct of the defendants as aforesaid, the plaintiff Markel Charles Fitchpatrick sustained serious and permanent injuries to his body requiring emergency brain surgery with past, continuing and future medical care and the related expenses, lost time from work, future loss of substantial income and vocational limitations, pain and suffering, continuing pain and suffering, emotional and mental distress, loss of enjoyment of life, and other lasting consequences.

As a direct and proximate result of the negligence, gross negligence careless, willful, wanton, reckless and wrongful conduct of the defendants as aforesaid, the plaintiff and wife Micah Lynne Fitchpatrick has suffered the significant loss of the companionship, consortium and services of her husband Markel Charles Fitchpatrick as a result of his injuries, and has further provided and

continues to provide care services during his medical treatment, convalescence and partial recovery, and suffered the loss of household income.

## RELIEF SOUGHT

**WHEREFORE,** the plaintiff Markel Charles Fitchpatrick respectfully prays for the court, and if a trial by jury is required, for entry of an order awarding him judgment against the named defendants in an amount of **TEN MILLION DOLLAR ($10,000,000)** as adequate to compensate him for his personal injuries, pain and suffering, loss of enjoyment of life, permanent impairment to his body as a whole, past and future reasonable medical expenses, past and future lost income, and other monetary damages as proven at trial, together with costs and fees for pre and post judgment interest on payments made and for such other relief as this court deems fair, just and equitable.

**WHEREFORE,** the plaintiff Markel Charles Fitchpatrick respectfully prays for the court, and if a trial by jury is required, that based on the conduct of the named defendants in knowingly designing, manufacturing, distributing, selling, re-selling and inadequately labeling the MightLite 8 ladder with a hidden defect permitting structural deterioration and degradation from reasonable use and/or exposure to salt air, and failing to provide adequate and reasonable safety features and devices such as a "safety chain," as wanton, willful, careless, negligent and grossly negligent disregard of the civil obligations and duties to the plaintiffs, that such intentional and unintentional acts supports a claim in the amount of **TEN MILLION DOLLAR ($10,000,000)** in punitive damages.

**WHEREFORE,** the plaintiff Micah Lynne Fitchpatrick respectfully prays for the court, and if a trial by jury is required, for entry of an order awarding her judgment against the named defendants in an amount of **ONE MILLION DOLLARS ($1,000,000)** as adequate to compensate her for injuries sustained in the loss of the consortium, companionship and services of her husband Markel Charles Fitchpatrick and her personal loss of household income.

Respectfully submitted,
This 15th of January, 2026.

**MCCHAIN HAMM & ASSOCIATES**

_____
Scot F. McChain, Esq.
5030 Anchor Way, Suite 13
Christiansted, VI 00820
(T): 340.773.6955
(F): 885.456.8784
smmchain@usvi.law





